Citation Nr: 1448544 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-37 058 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

M. Katz, Counsel


INTRODUCTION

The Veteran served on active duty from September 1971 to September 1975, from May 1976 to April 1977, and from October 1978 to April 1981.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office in Milwaukee, Wisconsin (RO). The Veteran testified at a hearing before the undersigned Veterans Law Judge in November 2011. A transcript of that hearing is associated with the claims file.

In December 2013, the Board denied the Veteran's claim for entitlement to service connection for bilateral hearing loss. Thereafter, the Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In an August 2014 Order, the Court granted an August 2014 Joint Motion for Remand (JMR), which vacated the Board's December 2103 decision and remanded the current issue to the Board for additional development consistent with the JMR.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Consistent with the Court's August 2014 Order granting the parties' JMR, the Veteran's claim for entitlement to service connection for bilateral hearing loss is remanded for a new VA examination, as the October 2008 VA opinion is inadequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Specifically, the JMR stated that the October 2008 VA examiner did not provide sufficient explanation and rationale to support the conclusion that the Veteran's bilateral hearing loss was not incurred in or caused by active duty service. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). Accordingly, a new VA examination must be provided.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a new VA audiological examination to determine the nature and etiology of any current bilateral hearing loss found. The claims file and a copy of this Remand must be made available to and reviewed by the examiner in conjunction with the examination. All necessary special studies or tests must be accomplished. After a thorough review of the Veteran's claims file, to include the Veteran's statements and testimony of record, the medical evidence including all service treatment records, and a discussion of each, the examiner must provide the following opinion:

* Is it at least as likely as not (50 percent probability or greater) that any diagnosed bilateral hearing loss is related to the Veteran's active duty service, to include in-service acoustic trauma?

In providing the requested opinion, the examiner must consider the Veteran's lay statements and testimony, to include his reports of in-service hearing loss and acoustic trauma, and for purposes of this examination only, should presume the Veteran's lay statements to be credible. 

The examiner must provide a complete rationale for all conclusions reached. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation.

2. Notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014).

3. When the above development has been completed, readjudicate the issue on appeal. If any benefit sought on appeal remains denied, provide an additional supplemental statement of the case to the Veteran, and afford the Veteran an adequate opportunity to respond, prior to returning those issue to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).